# PORZIO
**BROMBERG & NEWMAN P.C.**

**ATTORNEYS AT LAW**   MORRISTOWN NJ  •  NEW YORK NY  •  PRINCETON NJ  •  WASHINGTON DC  •  WESTBOROUGH MA

BRETT S. MOORE
MEMBER, NJ AND NY BARS
DIRECT DIAL NO.: 646-348-6723
E-MAIL ADDRESS: BSMOORE@PBNLAW.COM

January 9, 2017

**VIA EMAIL & ECF FILING**
Honorable Mary Kay Vyskocil, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
mkv.chambers@nysb.uscourts.gov

        Re:    Discovery Dispute Involving Capital One
               Case No.:          16-13153-MKV
               Our File Number:   20784.07369

Dear Judge Vyskocil:

        As Your Honor may recall, on December 14, 2016 I appeared before Your Honor on
behalf of the above referenced debtor, Red Bull Taxi Inc. (the "Debtor"), at the Debtor's Initial
Case Conference.  At that conference, we discussed the fact that Capital One Equipment Finance
Corp. ("Cap One") had filed a motion to dismiss/convert the Debtor's case (the "Motion"), and
that the parties anticipated that certain discovery disputes related to the Motion may require the
Court's involvement.  In particular, Cap One was taking the position that although it was entitled
to extensive discovery from the Debtor, as well as third parties, Cap One was not similarly
required to produce documents responsive to the Debtor's discovery demands.  Your Honor
ordered that the parties exchange initial objections to the outstanding proposed discovery by no
later than December 28, 2016, engage in a meet and confer process to try and resolve the
disputes through January 7, 2017, and barring a resolution of the issues, send letters outlining
any remaining discovery disputes to Your Honor by Monday, January 9, 2017.  Dates for
actually responding to the discovery requests, depositions, etc., and the hearing date on the
Motion are all to be determined after resolution of these initial discovery issues.

        While the parties exchanged initial objections and thereafter engaged in several meet and
confer discussions to try and resolve the outstanding issues, Cap One continues to refuse to agree
to provide documents in response to any of the Debtor's discovery demands save for providing
copies of whatever it intends to introduce into evidence in support of its pending Motion.  This is
a classic case of wanting to have their cake and eat it too, and should not be tolerated by Your

3575077

Honor.  A copy of the Debtor's First Request For Production, and Cap One's Objection and Responses are both attached hereto as **Exhibits "A"** and **"B"** respectively.

Cap One's Motion raises several issues that are squarely the subject of the Debtor's discovery demands and there is no legitimate reason for Cap One's refusal to provide <u>any</u> responsive documents whatsoever.  More specifically, the Debtor's discovery demands cover the following topics, all of which are raised in the Motion and, accordingly, subject to discovery: (i) the value of Cap One's collateral, i.e., the taxi cab medallions (Request numbers 3, 4, 5, 10, 13, 14, 16 and 20); (ii) Cap One's claim and underlying credit file for the Debtor (Request numbers 2, 6, 7, 8, 9, 11, 12, 17, 18, 19 and 21; and (iii) Cap One's financing of taxi cab medallions (Request numbers 3, 4, 5, 11, 13, 14, 15, 17, 20 and 22).

Many of these requests cover numerous issues that Cap One raised in its Motion.  For example, Cap One has moved via the Motion to dismiss or convert the case for cause under 11 U.S.C. § 1112(b)(4) including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  As such, evidence relating to the value of Cap One's collateral, i.e., the taxi cab medallions is critical for the Court to be able to measure whether there is a continuing loss to or diminution of the estate.  Further, Cap One's underlying credit file for this Debtor is highly relevant to measure the Debtor's reasonable likelihood of rehabilitation, particularly if the Debtor's  corporate structure, assets, cash-flow and liabilities are currently the same as what existed at the time Cap One made the loan to the Debtor.  Additionally, the terms of Cap One's financing for taxi cab medallions is highly relevant for purposes of analyzing whether the Debtor may be able to propose a plan and evidence a reasonable likelihood of rehabilitation.

Cap One alternatively moves for relief from the automatic stay under both 11 U.S.C. §§ 362(d)(1) and (2).  Under section 362(d)(1), Cap One states in its memorandum of law in support of its Motion (the "MOL") that Cap One "is entitled to adequate protection for any decline or threat of decline in the value of its collateral during the imposition of the automatic stay."  MOL at p. 17.  Having raised adequate protection as an issue based on the <u>value</u> of its collateral, it strains the imagination to understand how evidence relative to the value of not only the Debtor's medallions, but, the value of taxi cab medallions in general is not relevant to the Motion.  Additionally, given the importance of whether the value of the collateral is declining, it is important that the Debtor at least be given the opportunity to obtain evidence relative to the value of the medallions at the time the loan was made and thereafter, including, Cap One's current valuation information for such assets.  Under section 362(d)(2), Cap One moves for relief from the automatic stay for "bad faith" based on the Debtor's corporate structure, asset's, cash-flow, lack of employees, etc.  As noted above, the Debtors requests relating to the underlying loan and credit file are all thus also relevant for purposes of challenging Cap One's assertion that these issues are indicative of bad faith, as opposed to the normal operating structure of taxi cabs as was well known to Cap One when it made the original loan to the Debtor that forms the basis of its claim.

**PORZIO**
BROMBERG&NEWMAN P.C.

ATTORNEYS AT LAW

While the Debtor is willing to engage in reasonable discovery exchanges with Cap One in order to create and present an appropriate record with relevant evidence at the ultimate hearing on the Motion, Cap One comes to this Court seeking its assistance with unclean hands by demanding extensive discovery, while at the same time, refusing to produce any relative probative documents.

We thank Your Honor for attending to this discovery dispute, and remain available to proceed as Your Honor directs.

Respectfully submitted,

*/s/ Brett S. Moore*

Brett S. Moore

cc: Jonathan D. Forstot, Esq.
    Warren J. Martin Jr., Esq.
    Michael J. Naporano, Esq.
        (all via email)

3575077

# EXHIBIT A

**PORZIO, BROMBERG & NEWMAN, P.C.**
156 West 56th Street
Suite 803
New York, NY 10019-3800
(212) 265-6888
(212) 957-3983 Facsimile
Warren J. Martin Jr., Esq.
Brett S. Moore, Esq.
Michael J. Naporano, Esq.

*Proposed Counsel to Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
                      :

In re:                     :     Chapter 11
                      :

RED BULL TAXI INC.     :

                      :     Case No. 16-13153 (MKV)

           Debtor.[1]     :

                      :

-------------------------------------------------------X

### FIRST REQUEST FOR PRODUCTION BY RED BULL TAXI INC. DIRECTED TO CAPITAL ONE EQUIPMENT FINANCE CORP.

PLEASE TAKE NOTICE that, pursuant to Fed.R.Civ.P. 34, made applicable to this proceeding by Fed.R.Bankr.P. 7034 and 9014(c), Red Bull Taxi Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby requests production by Capital One Equipment Finance Corp., f/k/a All Points Capital Corp., d/b/a Capital One Taxi Medallion Finance ("Cap One") of each of the following described documents on or before Monday, January 7, 2017.

---

[1] The last four digits of the Debtor's Federal Tax Identification Number are 8276.

## **DEFINITIONS**

Unless defined below, all words and phrases are to be interpreted using their commonly recognized and accepted meanings.

1.      "Communication" means any oral conversation, transaction, or interaction (including telephone calls and text messages), and any written transaction or interaction (including letters, memoranda, notes, telecopies, facsimiles, telex, emails, electronic transmission of information, or other transfer of documents), as well as the transfer of any document or tangible thing between persons.

2.      "Cap One" means Capital One Equipment Finance Corp., f/k/a All Points Capital Corp., d/b/a Capital One Taxi Medallion Finance, its agents, employees, attorneys, representatives, directors, officers, servants, successors-in-interest, and all other persons acting on its behalf.

3.      "Debtor" means Red Bull Taxi Inc., its agents, employees, attorneys, representatives, directors, officers, servants, successors-in-interest, and all other persons acting on its behalf.

4.      "Document" and "documents" have the broad meaning ascribed by Rule 34 of the Federal Rules of Civil Procedure.  The terms include, without limitation, all writings, drawings, graphs, charts, spreadsheets, photographs, recordings, and other day compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form. The terms include, without limitation, papers, books, records, letters, emails, photographs, tangible things, correspondence, communications; telegrams, cables, telex messages, text messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, or of conferences, or of other

meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing program library, data processing input and output, microfilm, books of account, records and invoices reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing, however denominated.

5.      "Friedman" means Evgency Freidman and his agents, employees, attorneys, representatives, directors, officers, servants, successors-in-interest, and all other persons acting on his behalf.

6.      "Identify" has the following meaning:

(a)      when used in reference to a document, it means to state:

(1)      its name and description;
(2)      its date;
(3)      its subject matter;
(4)      the identity of its author, signer, and any person who participated in its preparation;
(5)      the identity of its addresses and all persons to whom copies of the documents were to have been sent;
(6)      its present location;
(7)      The identity of its custodian. (If any such document was, but is no longer, in your possession, custody or control, state what disposition was made of it and when).

(b)      When used in reference to a natural person, it means to state his or her:

(1)      full name;
(2)      home address;
(3)      business address; or
(4)      if any of the above are unknown, the last known address and employer of such person.

3

(c)      When used in reference to a company, corporation, association, partnership, or any legal entity other than a natural person, it means to state:

(1)      its full name;
(2)      a description of the type of organization or entity; and
(3)      the address of its principal place of business.

7.      "Loan" means that secured loan given to the Debtor by Cap One on or about November 22, 2011 in the principal amount of $1,950,000.

8.      "Medallions" means those certain taxicab medallions owned by the Debtor and identified as Medallion numbers 3G26, 3G27 and 9P55.

9.      "Motion" means Cap One's Motion To Dismiss Debtor's Chapter 11 Case Or To Grant Relief From The Automatic Stay And Either Appoint A Chapter 11 Trustee Or Convert Debtor's Case To One Under Chapter 7 Of The Bankruptcy Code.

10.      "Person" or "persons" refers to any natural person, firm, corporation, partnership, government entity, association, sole proprietorship, group or organization, any department or other unit thereof.

11.      "Petition Date" means November 14, 2016.

12.      "Relating to" and "relate to" shall be construed in their broadest sense and shall mean directly or indirectly concerning, considering, underlying, modifying, amending, confirming, producing, evidencing, representing, qualifying, terminating, revoking, canceling, negating, including, describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

13.      "And" and "or" include both the conjunctive and disjunctive.

14.      "Uber" means Uber Technologies, Inc., its agents, employees, attorneys,

4

representatives, directors, officers, servants, successors-in-interest, and all other persons acting on

its behalf.

## **INSTRUCTIONS**

A.      If you claim that the attorney-client, attorney work product, or any other privilege

applies to the production of any document requested herein, then with respect to that document:

(1)    set forth the date of the document;
(2)    identify the author(s);
(3)    identify each and every person who prepared or participated in the preparation of the document;
(4)    identify each and every person for whom the document was intended as either an addressee of the recipient of a copy;
(5)    identify each and every person who has ever had possession of the document;
(6)    set forth each Request to which such document is responsive;
(7)    set forth in complete detail the factual and legal basis for the claimed privilege, citing any and all authority relied upon in support of non-production; and
(8)    describe such document with sufficient specificity to permit a court to determine the propriety of the asserted privilege, including a description of the nature and general subject matter of the document.

B.      This Request is considered to be continuing in character pursuant to Rule 26(e) of

the Federal Rules of Civil Procedure, as incorporated by reference by Federal Rule of Bankruptcy

Rule 7026. If additional documents responsive to these requests but not supplied in answer to

them are obtained or become known to you, those documents shall be produced to the party

propounding this Request, as though expressly requested by separate request.

C.      If any document called for by this Request has been destroyed, lost, discarded or

otherwise disposed of, such document is to be identified as completely as possible, including,

without limitation, the following information: contents; author(s)/participants(s); recipient(s);

sender(s); date prepared and/or received; date of disposal; manner of disposal; person(s)

currently in possession of the document; and person(s) disposing of the document.

D.      If any portion of this Request cannot be satisfied in full, you are to fulfill it to the greatest extent possible, specifying the reasons for your inability to supply all the documents requested, and stating whatever information, knowledge or belief you possess concerning the missing or unsatisfied portion of this Request.

E.      To the extent that no single documents exists or is in your possession, custody or control, which contains all the information sought in any particular specification herein, you are to provide such other documents in your possession, custody or control which are sufficient to show, compute, compile or explain all the information requested in such specifications or as much thereof as is available.

## <u>REQUESTS</u>

1.      Any and all documents that Cap One intends to use in support of the Motion.

2.      The entire credit file for this Debtor.

3.      Any and all appraisals of the Medallions from the inception of the Loan through the current date.

4.      Any and all appraisals of other unrestricted taxi medallions in Cap One's portfolio—belonging to any Cap One borrower—since the inception of the Loan through the current date.

5.      Any and all documents relating to the liquidation value of the Medallions, or any comparable unrestricted medallion known to Cap One.

6.      Any and all documents relating to payments received by Capital One on behalf of the Medallions since the Loan's inception through the current date.

7.      Any and all criticized loan reports and any other loan reports for the Medallions.

8.      Any and all documents relating to Cap One's loan classification for the Loan since

6

inception of the Loan through the current date.

9.    Any and all documents relating to the original underwriting of the Loan on or about November 22, 2011 including valuations and cash flow projections, if any.

10.    Any and all documents relating to the amount of reserves held by Cap One for the Loan since the Loan's inception through the current date, including, whether those reserves have been increased by virtue of diminished medallion valuations.

11.    Any and all credit policies and/or credit procedures manuals governing the Loan, or similar medallion loans, since the Loan's inception through the current date.

12.    Any and all credit committee minutes concerning approval of the Loan and continuing since the Loan's inception through the current date.

13.    Any and all documents relating to valuation of any taxi cab medallions known to Cap One, or a part of Cap One's files, since the Loan's inception through the current date.

14.    Any and all documents relating to the sale of any taxi cab medallions financed by Cap One since the Loan's inception through the current date, including, but not limited to, the price paid for each medallion.

15.    Any and all documents relating to whether Cap One provided financing to any purchasers of taxi cab medallions that Cap One has foreclosed on and sold at auction since the Loan's inception through the current date, and if so, all documents relating to such financing.

16.    Any and all documents relating to whether Cap One or any affiliated entity has purchased taxi cab medallions since the Loan's inception through the current date.

17.    Any and all documents showing whether these or other medallion loans are carried on Cap One's books as special mention (6), substandard (7), doubtful (8) or write-off (9) and what reserves Cap One has taken against such medallion loans.

18.     Any and all documents relating to the restructuring of the Loan or any other agreements between Cap One and the Debtor.

19.     Any and all documents relating to the Debtor's request to refinance the Loan.

20.     Any and all documents relating to any information collected and/or research performed by Cap One pertaining to the New York City taxi industry, consumer demand in the New York City taxi industry, supply of taxicabs in the New York City taxi industry, vehicle utilization rates for the New York City taxi industry, universal cash flow models for the New York City taxi industry and/or driver income for the New York City taxi industry, since the Loan's inception through the present date.

21.     Any and all documents relating to Cap One's decision to not extend a line of credit to Debtor at any time between January 1, 2013 through the present date.

22.     Any and all documents relating to Cap One's plans to terminate its operations relating to "specialty funding" at any time between January 1, 2013 and the present date.


Dated: December 6, 2016                    **PORZIO, BROMBERG & NEWMAN, P.C.**

                                           */s/ Brett S. Moore*
                                           Brett S. Moore
                                           156 West 56th Street
                                           Suite 803
                                           New York, NY 10019-3800
                                           (212) 265-6888
                                           (212) 957-3983 Facsimile
                                           E-mail:  bsmoore@pbnlaw.com

                                           *Proposed Counsel to Debtor and Debtor-in-Possession*

8

# EXHIBIT B

**TROUTMAN SANDERS LLP**

875 Third Avenue
New York, NY  10022
Tel: (212) 704-6000
Jonathan D. Forstot
Louis A. Curcio
David A. Pisciotta

*Attorneys for Capital  One Equipment Finance*
*Corp., f/k/a All Points Capital Corp., d/b/a*
*Capital One Taxi Medallion Finance*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
                                            :
In re:                                      :        Chapter 11
                                            :
RED BULL TAXI INC.                          :
                                            :        Case No. 16-13153 (MKV)
                    Debtor.                  :
                                            :
-------------------------------------------------------X

**CAPITAL ONE EQUIPMENT FINANCE CORP.'S OBJECTIONS AND**
**RESPONSES TO DEBTOR'S FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

   Capital One Equipment Finance Corp., f/k/a All Points Capital Corp., d/b/a Capital One

Taxi Medallion Finance ("<u>COTMF</u>"), by counsel, hereby submits its objections and responses to

Debtor Red Bull Taxi Inc.'s (the "<u>Debtor</u>") First Set of Requests for Production of Documents

(each a "<u>Request</u>" collectively, the "<u>Requests</u>").

**<u>GENERAL OBJECTIONS AND RESERVATION OF RIGHTS</u>**

   1.  COTMF objects to each Request to the extent it purports to impose on COTMF an

obligation to conduct anything beyond a reasonable search for information.

3470295

Active 30031322v3 029424.000178

2.    COTMF objects to each Request to the extent it is not limited to a specific and relevant time period.

3.    COTMF objects to each Request to the extent it is overbroad, unduly burdensome, seeks irrelevant information, or purports to impose obligations upon COTMF that exceed those imposed by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), or the Local Bankruptcy Rules for the United States Bankruptcy Court, Southern District of New York (the "Local Bankruptcy Rules," and together with the Federal Rules and Bankruptcy Rules, the "Rules").

4.    COTMF objects to each Request to the extent that it calls for the disclosure of information or communications subject to one or more applicable privilege (including the attorney-client privilege, common-interest, and joint-defense privilege), rule of privacy or confidentiality, immunity, protection, or restriction that makes such information non-discoverable.  To the extent that any privileged or protected information is provided inadvertently, COTMF reserves all rights with respect to such information, including: (i) its right to object to the use of such information; (ii) the right to object to the admissibility of such information; and (iii) the right to "claw back" such information.  The inadvertent production of any privileged or protected information does not waive any of the foregoing rights.

5.    COTMF objects to each Request to the extent that it purports to call for the disclosure of information, the production of documents, or testimony relating to: (i) matters concerning confidential or proprietary information, trade secrets, or other similar such information; and/or (ii) information that is subject to a confidentiality agreement, non-disclosure agreement, or otherwise implicates the privacy interests of any entity or individual.

2

6.      COTMF objects to each Request to the extent that it is overly broad, unduly burdensome, vexatious, or designed to harass or annoy.

7.      COTMF objects to each Request to the extent that it is vague, ambiguous, or otherwise does not describe the subject of the Request with reasonable particularity.

8.      COTMF objects to each Request to the extent the response calls for a legal conclusion or speculation.

9.      COTMF objects to each Request to the extent that it seeks documentation or information that: (i) is neither relevant nor material to the subject matter of the above-captioned proceeding or to any claim or defense of any party; (ii) is not reasonably calculated to lead to the discovery of admissible evidence; and (iii) pertains to transactions or matters other than those that are the subject matter of this case.  COTMF' response is without prejudice to its right to contend in any proceeding that such response is inadmissible, irrelevant, or not the proper basis for discovery.

10.     COTMF objects to each Request to the extent that it purports to require the disclosure of information or production of documents that are: (i) not in COTMF' possession, custody, or control; (ii) already within the Debtor's possession or control; (iii) duplicative of documents previously produced to the Debtor in connection with the above-captioned proceeding; (iv) located outside of the continental United States; and/or (v) publicly available.

11.     No objection or limitation, or lack thereof, or statement that COTMF will produce documents or provide testimony made in these Responses and Objections constitutes an admission as to either the existence or nonexistence of documents or information or the knowledge or lack of knowledge by COTMF.

3

12.     Neither COTMF's Responses and Objections nor any testimony or production of documents regarding any matter shall be construed as (i) an admission as to the relevance, admissibility, or materiality of any such documents or testimony or their subject matter; (ii) a waiver or abridgment of any applicable privilege or other protection; or (iii) an agreement that requests for similar documents or testimony will be treated similarly.

13.     COTMF objects to each Request to the extent it contains an inaccurate, incomplete, or misleading description of the facts, persons, or events relating to the above-captioned matter.  The disclosure of information made in response to each Request shall not constitute COTMF's agreement with, or acquiescence to, any such description.

14.     COTMF objects to each Request to the extent that it seeks cumulative or duplicative information or documents.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request 1:**   Any and all documents that COTMF intends to use in support of the Motion.[1]

**OBJECTION:**  COTMF objects to this request to the extent it seeks the work product or mental impressions of counsel, documents protected by the attorney-client privilege, common interest privilege, self-critical analysis privilege, information or documents generated in anticipation of litigation and trial.  COTMF will produce any non-privileged documents that it intends to introduce at any hearing on the Motion that are not already in possession of the Debtor or previously filed in this matter at a date and time to be agreed upon by the parties or set by the Court.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Requests.

4

**Request 2:**  The entire credit file for this Debtor.

**OBJECTION:**  COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  COTMF's claim has been reduced to judgment (the "Judgment") and any potential defenses to the underlying loan are no longer relevant to COTMF's Judgment or claim.  The Debtor has previously commenced an action in the Supreme Court of the State of New York seeking, among other forms of relief, to vacate the Judgment as well as damages in connection with COTMF's conduct in relation to the loan.  Any potential challenge to COTMF's claim is barred by the doctrines of issue preclusion, claim preclusion, collateral estoppel, res judicata and any other applicable doctrine of preclusion.  Furthermore, to the extent any such challenge to COTMF's Judgment is not otherwise barred by an applicable preclusion doctrine, any attempt to challenge COTMF's Judgment before this Court would be an impermissible attack on a state court judgment, which is barred by, among other bases, the *Rooker-Feldman* doctrine.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.


**Request 3:**  Any and all appraisals of the Medallions from the inception of the Loan through the current date.

**OBJECTION:**  COTMF objects to this request because it is overly broad and not reasonably limited to time or scope.  COTMF further objects to this request because it seeks documents that are not relevant to the Motion nor reasonably calculated to lead to the discovery of evidence relevant to the Motion.  The Debtor has admitted that Medallion values do not adequately secure COTMF's claim.  COTMF intends to rely on the Debtor's admissions

5

regarding Medallion values as well as the publicly available Medallion transfer prices published by the TLC.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 4:**  Any and all appraisals of other unrestricted taxi medallions in COTMF's portfolio—belonging to any COTMF borrower—since the inception of the Loan through the current date.

**OBJECTION:**  COTMF objects to this request because it is overly broad and not reasonably limited to time.  COTMF further objects to this request because it seeks documents that are not relevant to the Motion nor reasonably calculated to lead to the discovery of evidence relevant to the Motion.  The Debtor has admitted that Medallion values do not adequately secure COTMF's claim.  COTMF intends to rely on the Debtor's admissions regarding Medallion values as well as the publicly available Medallion transfer prices published by the TLC.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 5:**  Any and all documents relating to the liquidation value of the Medallions, or any comparable unrestricted medallion known to COTMF.

**OBJECTION:**  COTMF objects to this request because it is overly broad and not reasonably limited to time and because it is vague, ambiguous, and confusing.  COTMF further objects to this request because it seeks discovery that is not relevant to the Motion nor reasonably calculated to lead to the discovery of evidence relevant to the Motion.  The Debtor has admitted that Medallion values do not adequately secure COTMF's claim.  COTMF intends to rely on the

6

Debtor's admissions regarding Medallion values as well as the publicly available Medallion transfer prices published by the TLC. Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 6:** Any and all documents relating to payments received by Capital One on behalf of the Medallions since the Loan's inception through the current date.

**OBJECTION:** COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion. COTMF's claim has been reduced to the Judgment and any potential defenses to the underlying loan are no longer relevant to COTMF's Judgment or claim. The Debtor has previously commenced an action in the Supreme Court of the State of New York seeking, among other forms of relief, to vacate the Judgment as well as damages in connection with COTMF's conduct in relation to the loan. Any potential challenge to COTMF's claim is barred by the doctrines of issue preclusion, claim preclusion, collateral estoppel, res judicata and any other applicable doctrine of preclusion. Furthermore, to the extent any such challenge to COTMF's Judgment is not otherwise barred by an applicable preclusion doctrine, any attempt to challenge COTMF's Judgment before this Court would be an impermissible attack on a state court judgment, which is barred by, among other bases, the *Rooker-Feldman* doctrine. Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 7:** Any and all criticized loan reports and any other loan reports for the Medallions.

**OBJECTION:** COTMF objects to this request on the basis that it seeks documents that

7

are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 8:**  Any and all documents relating to COTMF's loan classification for the Loan since inception of the Loan through the current date.

**OBJECTION:**  COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 9:**  Any and all documents relating to the original underwriting of the Loan on or about November 22, 2011 including valuations and cash flow projections, if any.

**OBJECTION:**  COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  COTMF's claim has been reduced to the Judgment and any potential defenses to the underlying loan are no longer relevant to COTMF's Judgment or claim.  The Debtor has previously commenced an action in the Supreme Court of the State of New York seeking, among other forms of relief, to vacate the Judgment as well as damages in connection with COTMF's conduct in relation to the loan.  Any potential challenge to COTMF's claim is barred by the doctrines of issue preclusion, claim preclusion, collateral estoppel, res judicata and any other applicable doctrine of preclusion.  Furthermore, to the extent any such challenge to COTMF's Judgment is not otherwise barred by an applicable preclusion doctrine, any attempt to challenge

8

COTMF's Judgment before this Court would be an impermissible attack on a state court judgment, which is barred by, among other bases, the *Rooker-Feldman* doctrine.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 10:**  Any and all documents relating to the amount of reserves held by COTMF for the Loan since the Loan's inception through the current date, including, whether those reserves have been increased by virtue of diminished medallion valuations.

**OBJECTION:** COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 11:**  Any and all credit policies and/or credit procedures manuals governing the Loan, or similar medallion loans, since the Loan's inception through the current date.

**OBJECTION:**  COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 12:**  Any and all credit committee minutes concerning approval of the Loan and continuing since the Loan's inception through the current date.

**OBJECTION:** COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to

9

the Motion.   Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 13:**   Any and all documents relating to valuation of any taxi cab medallions known to COTMF, or a part of COTMF's files, since the Loan's inception through the current date.

**OBJECTION:**   COTMF objects to this request on the basis that it is not reasonably limited as to scope and purports to require COTMF to produce documents not in its possession, custody, or control.   COTMF further objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.     Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 14:**   Any and all documents relating to the sale of any taxi cab medallions financed by COTMF since the Loan's inception through the current date, including, but not limited to, the price paid for each medallion.

**OBJECTION:**   COTMF objects to this request on the basis that it is not reasonably limited as to time or scope.   COTMF further objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.   COTMF further objects to this request on the basis that the consideration paid for any transferred Medallions is publicly reported by the TLC.   Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

10

**Request 15:**  Any and all documents relating to whether COTMF provided financing to any purchasers of taxi cab medallions that COTMF has foreclosed on and sold at auction since the Loan's inception through the current date, and if so, all documents relating to such financing.

**OBJECTION:**  COTMF objects to this request on the basis that it is not reasonably limited as to scope.  COTMF further objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  Without waiving these objections or any general objections, COTMF states that there are no documents responsive to this Request because there have been no Medallions upon which COTMF has foreclosed and sold.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.


**Request 16:**  Any and all documents relating to whether COTMF or any affiliated entity has purchased taxi cab medallions since the Loan's inception through the current date.

**OBJECTION:**  COTMF objects to this request on the basis that it is not reasonably limited as to scope.  COTMF further objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  Without waiving these objections or any general objections, COTMF states that there are no documents responsive to this Request because neither COTMF nor any affiliated entity has purchased any taxi cab medallions.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.


**Request 17:**  Any and all documents showing whether these or other medallion loans are carried on COTMF's books as special mention (6), substandard (7), doubtful (8) or write-off (9)

11

and what reserves COTMF has taken against such medallion loans.

**OBJECTION:** COTMF further objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 18:**  Any and all documents relating to the restructuring of the Loan or any other agreements between COTMF and the Debtor.

**OBJECTION:**  COTMF objects to this request on the basis that it is overly broad and not reasonably limited as to scope.  COTMF further objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  COTMF's claim has been reduced to the Judgment and any potential defenses to the underlying loan are no longer relevant to COTMF's Judgment or claim.  The Debtor has previously commenced an action in the Supreme Court of the State of New York seeking, among other forms of relief, to vacate the Judgment as well as damages in connection with COTMF's conduct in relation to the loan.  Any potential challenge to COTMF's claim is barred by the doctrines of issue preclusion, claim preclusion, collateral estoppel, res judicata and any other applicable doctrine of preclusion.  Furthermore, to the extent any such challenge to COTMF's Judgment is not otherwise barred by an applicable preclusion doctrine, any attempt to challenge COTMF's Judgment before this Court would be an impermissible attack on a state court judgment, which is barred by, among other bases, the *Rooker-Feldman* doctrine.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

12

**Request 19:**  Any and all documents relating to the Debtor's request to refinance the Loan.

**OBJECTION:**  COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.  COTMF's claim has been reduced to the Judgment and any potential defenses to the underlying loan are no longer relevant to COTMF's Judgment or claim.   The Debtor has previously commenced an action in the Supreme Court of the State of New York seeking, among other forms of relief, to vacate the Judgment as well as damages in connection with COTMF's conduct in relation to the loan.   Any potential challenge to COTMF's claim is barred by the doctrines of issue preclusion, claim preclusion, collateral estoppel, res judicata and any other applicable doctrine of preclusion.  Furthermore, to the extent any such challenge to COTMF's Judgment is not otherwise barred by an applicable preclusion doctrine, any attempt to challenge COTMF's Judgment before this Court would be an impermissible attack on a state court judgment, which is barred by, among other bases, the *Rooker-Feldman* doctrine.  Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 20:**   Any and all documents relating to any information collected and/or research performed by COTMF pertaining to the New York City taxi industry, consumer demand in the New York City taxi industry, supply of taxicabs in the New York City taxi industry, vehicle utilization rates for the New York City taxi industry, universal cash flow models for the New York City taxi industry and/or driver income for the New York City taxi industry, since the Loan's inception through the present date.

**OBJECTION:**  COTMF objects to this request on the basis that it seeks documents that

13

Active 30031322v3 029424.000178

are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion. Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 21:** Any and all documents relating to COTMF's decision to not extend a line of credit to Debtor at any time between January 1, 2013 through the present date.

**OBJECTION:** COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion. COTMF's claim has been reduced to the Judgment and any potential defenses to the underlying loan are no longer relevant to COTMF's Judgment or claim. The Debtor has previously commenced an action in the Supreme Court of the State of New York seeking, among other forms of relief, to vacate the Judgment as well as damages in connection with COTMF's conduct in relation to the loan. Any potential challenge to COTMF's claim is barred by the doctrines of issue preclusion, claim preclusion, collateral estoppel, res judicata and any other applicable doctrine of preclusion. Furthermore, to the extent any such challenge to COTMF's Judgment is not otherwise barred by an applicable preclusion doctrine, any attempt to challenge COTMF's Judgment before this Court would be an impermissible attack on a state court judgment, which is barred by, among other bases, the *Rooker-Feldman* doctrine. Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

**Request 22:** Any and all documents relating to COTMF's plans to terminate its operations relating to "specialty funding" at any time between January 1, 2013 and the present date.

14

**OBJECTION:**   COTMF objects to this request on the grounds that it is vague, ambiguous, and confusing because "specialty funding" is not defined nor is it reasonably limited as to time.   COTMF objects to this request on the basis that it seeks documents that are not relevant to the Motion, nor reasonably calculated to seek documents that are relevant to the Motion.   Based upon the foregoing objections, COTMF does not intend to produce documents responsive to this request.

Dated: New York, New York

December 28, 2016                              TROUTMAN SANDERS LLP


                                             By:  _/s/  Jonathan D. Forstot_
                                                  Jonathan D. Forstot
                                                  David A. Pisciotta
                                                  Louis A. Curcio
                                                  875 Third Avenue
                                                  New York, New York 10022
                                                  Telephone: (212) 704-6000

                                                  *Counsel for Capital One Equipment Finance Corp., f/k/a All Points Capital Corp. d/b/a Capital One Taxi Medallion Finance*

15